Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No ED CV 00-641 RT (AJWx) Date November 2, 2000

Title ISD Corp. V. Cognizant Technology Solutions US Corp.

PRESENT

THE HONORABLE ROBERT J. TIMLIN, JUDGE

Lenora Pulliam — Courtroom Clerk

None — Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: NONE

ATTORNEYS PRESENT FOR DEFENDANTS: NONE

PROCEEDINGS ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED R CIV P 12(B)(6) AND DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO STRIKE PURSUANT TO FED R CIV P 12(F)

The court, the Honorable Robert J Timlin, has read and considered defendant Cognizant Technology Solutions US Corp ("Defendant")'s motion to dismiss the Sixth through Ninth, Twelfth and Thirteenth claims of the complaint pursuant to Fed R Civ P 12(b)(6) ("Rule 12(b)(6)") and motion to strike pursuant to Fed R Civ P 12(f) ("Rule 12(f)") Plaintiff, ISD Corporation ("Plaintiff") did not file an opposition to either motion [1] Based on such

[1] The court notes that the Central District of California Local Rules, Rule 7 9 provides that failure to file timely required papers may be deemed by the court as a consent to the granting of a motion Here, Plaintiff has not filed any opposition The court declines to rely on Rule 7 9, however, and will consider and make determinations based upon the memorandum of points and

ENTER ON ICMS
NOV - 3

16

consideration, the court concludes as follows

## I. BACKGROUND[2]

Plaintiff is in the business of creating, developing, marketing, selling, installing, maintaining and supporting case management systems and filing software and other computer related products and systems for state courts throughout California

Plaintiff entered into various agreements with Defendant, both written and oral, whereby Defendant promised to perform various technology-related services for Plaintiff Defendant breached these agreements

In support of its sixth, seventh, eighth and ninth tort-based claims for relief, Plaintiff alleges, in part, that

> [Plaintiff] has valid contracts with several public entities throughout California The contracts with these counties require [Plaintiff] to support, maintain and assist in the operation of the docketing and filing systems for the courts in these counties
>
> By virtue of the access that [Defendant] enjoyed to [Plaintiff's] proprietary information, [Defendant] had actual knowledge of these contracts and intentionally disrupted these contracts by failing to deliver the E-ICMS Web Enabling product on time, absconding with the Version Control enhancements and misappropriating [Plaintiff's] original source code, E-filing module and work-in-progress at the time Indeed, by engaging in these actions, [Defendant] is preventing [Plaintiff] from fully performing its support, maintenance and assistance functions in the operation of the docketing and filing systems for the courts in these counties
>
> [Plaintiff] is informed and believes, and on that basis alleges, that [Defendant's] conduct was independently wrongful in that [Defendant] engaged in this course of conduct with the intention of extorting from [Plaintiff] unjustifiedly

---

authorities submitted by Defendant in support of its motion

[2] The following facts are taken from Plaintiff's complaint When the court acts on a defendant's motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them See Pareto v. F.D.I.C., 139 F 3d 696, 699 (9th Cir 1998)

> and undeserved increased payments under the agreements described above and knowing that [Plaintiff] was faced with the prospect of losing all of its clients and going out of business unless [Defendant] performed [Plaintiff] has suffered substantial damages arising out of [Defendant's] interference with [Plaintiff's] contractual relations
>
> [Plaintiff] is informed and believes, and on that bases alleges, that [Defendant's] interference with [Plaintiff's] contractual relations was done with malicious intent and to intentionally injure [Plaintiff]

## II. ANALYSIS

### A. Motion to Dismiss

A Rule 12(b)(6) motion to dismiss for failure to state a claim is a disfavored one, see Hall v. City of Santa Barbara, 833 F 2d 1270, 1274 (9th Cir 1986), which may only be granted in extraordinary circumstances See United States v. City of Redwood City, 640 F 2d 963, 966 (9th Cir 1981) Essentially, a motion to dismiss for failure to state a claim tests plaintiff's compliance with the liberal requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure ("Rule 8(a)(2)") See 5A Charles Alan Wright & Arthur R Miller, Federal Practice and Procedure § 1356, at 294-96 (1990)

The burden imposed by Rule 8(a)(2) is a minimal one Rule 8(a)(2) requires parties seeking relief in federal court by way of complaint, counterclaim, cross-claim, or third party complaint, to include "a short and plain statement of the claim showing that the pleader is entitled to relief" In meeting this requirement, a plaintiff need not set forth the legal basis for his claim, only the facts underlying it See McCalden v. California Library Assoc., 955 F 2d 1214, 1223 (9th Cir 1990) [3] It is the burden of the party bringing a motion to dismiss for failure to

---

[3] Although a plaintiff need not explicitly identify the legal theory pursuant to which she seeks relief, "the pleadings must at least implicate [i e , suggest] the relevant legal theories" Schott Motorcycle Supply, Inc. v. American Honda Motor Co., 976 F 2d 58, 62 (1st Cir 1992), cf. Hicks v. Arthur, 843 F Supp 949, 959 (E D Pa 1994) ("[A] pleading must be sufficient

state a claim to demonstrate that the requirements of Rule 8(a)(2) have not been met See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F 2d 1406, 1409 (3d Cir 1991) ("[U]nder Rule 12(b)(6) the defendant has the burden of showing no claim has been stated ")

1 Sixth, Seventh, Eighth and Ninth Claims of the Complaint

Defendant does not contend that Plaintiff has failed to plead the necessary elements of its claims for (1) intentional interference with contractual relations, (2) negligent interference with contractual relations, (3) intentional interference with prospective economic advantage, and (4) negligent interference with prospective economic advantage, per se Instead Defendant contends that a dismissal of those claims pursuant to Rule 12(b)(6) is required because the breach of contract claims in the complaint are plead in such a manner that the alleged contracts are the sole source of the rights and obligations of the parties and such pleading precludes claims sounding in tort

The court concludes, however, that Defendant has misread Plaintiff's complaint (the "Complaint") Plaintiff does not base the tortious interference claims merely on allegations that Defendant breached contracts with Plaintiff, Plaintiff also alleges that Defendant "abscond[ed] with the Version Control enhancements and misappropriat[ed] ISD's original source code, E-filing module and work-in-progress at the time [and that] by engaging in these actions, CTS is preventing ISD from fully performing its support, maintenance and assistance functions " As Defendant's contention is based upon a faulty factual premise, it fails

This case is therefore distinguishable from Khoury v. Maly's of California, 14 Cal App 4th 612 (1993) In Khoury a beauty supplies retailer brought an action against a

---

enough to enable the court to make out the potential viable legal theories upon which the complaint is based ")

had tortiously interfered with Khoury's relationship with his customers See id. at 618 The California Court of Appeals affirmed the trial court's dismissal of the tortious interference cause of action See id. at 615 The court reasoned that Khoury's

> complaint fails to state any factual basis for the assertion that respondent interfered with appellant's business relations, having the improper malicious purpose to destroy appellant's business The sole alleged conduct of respondent was the breach of contract to supply the JPM products to appellant The effect on appellant's customers (with whom respondent had no relations) and the damage to appellant's business were simply consequences of breach of contract
> Id. at 618

Unlike the complaint in Khoury, the Complaint alleges conduct, noted above, other than breach of contract and alleges non-conclusorily that Defendant interfered with Plaintiff's contractual relations with others and with Plaintiff's prospective economic advantage for the improper purpose of "extoring from ISD unjustifiably and undeserved increased payments under the agreements described above " Plaintiffs have alleged sufficient facts to state a claim in the Sixth, Seventh, Eighth and Ninth claims of the complaint and the court will not dismiss those claims

2 Twelfth and Thirteenth Claims of the Complaint

Defendant contends that because Plaintiff alleged the existence of a written contract, and because quasi-contractual remedies are available only in the absence of a contract, Plaintiff's quasi-contract based Twelfth and Thirteenth claims should be dismissed Although the court recognizes that recovery on a quasi-contract theory is inconsistent with the existence of a valid contract, see Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F 3d 1151, 1167 (9th Cir 1996), alternative pleading is allowed in federal court See Fed R Civ P 8(e) ("A party may also state as many separate claims or defenses as the party has regardless of consistency."), Seiden Assoc. Inc., v. ANC Holdings, Inc., 754 F Supp 37, 39-40 (S D N Y 1991) (allowing Plaintiffs to plead

breach of contract, unjust enrichment, and quantum meruit), Quadion Corp. v. Mache, 738 F Supp 270, 278 (N D Ill. 1990) (same) [4] It may later be determined in the course of this litigation that, in contrast to Plaintiff's allegations, no valid contract exists between Plaintiff and Defendant In which case, Plaintiff may be able to recover on a quasi contract theory Alternatively, the existence of a contract may become undisputed at some point in the litigation, in which case a Fed R Civ P 56 motion on the twelfth and thirteenth cause of action may be appropriate

**B. Motion to Strike**

Rule 12(f) provides: "[u]pon motion made by a party the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter An "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded " Fantasy, Inc. v. Fogarty, 984 F 2d 1524, 1527 (9th Cir 1993) (*rev'd on other ground* in Fogerty v. Fantasy, Inc., 510 U S 517, 114 S Ct 1023 (1994)) Similarly, an "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question " Fantasy, Inc., 984 F 2d at 1527 A motion to strike is generally regarded with disfavor because it is often used as a delaying tactic and because of the limited importance of pleadings in federal practice See Bureerong v. Uvawas, 922 F Supp

[4] It should be noted that California courts appear to apply the same rule See 4 B E Witkin, California Procedure, 4th Edition § 358 ("One of the typical occassions for alternative pleading is uncertainty as to the nature of a contractual obligation that the evidence may establish Express, implied in fact, or quasi-contractual The plaintiff may plead the same cause of action in one count on express contract, and in another as a common count "), Mitchell v. H.P. Griffin, 142 Cal App 2d 811, 812 (1956) (allowing alternative pleading of open book account, express contract and money had and received) The court notes that Lance Camper v. Mfr. Corp. v. Republic Indem. Co. of America, 44 Cal App 4th 194, 203 (1996) appears inconsistent with this rule as it disallows this type of alternative pleading without explanation, but this court is not bound by Lance Camper

limited importance of pleadings in federal practice. See Bureerong v. Uvawas, 922 F Supp 1450, 1478 (C D Cal 1996) Finally as with a motion to dismiss for failure to state a claim, when ruling upon a motion to strike, the court must view the pleading under attack in the light most favorable to the pleader See Bank Tejarat v. Varsho-Saz, 723 F Supp 516, 517 (C D Cal 1989)

Defendant identifies three categories of allegations and contends that those portions of the Complaint are immaterial and impertinent

1 Paragraphs 74 and 87 of the Complaint

In paragraphs 74 and 87 of the Complaint, Plaintiff alleges intentional and malicious conduct as support for punitive damages These two paragraphs are alleged in support of Plaintiff's negligence interference claims Defendant contends that punitive damages are not an available remedy for mere negligence Defendant is correct in its citation of the general black-letter rule See Lee v. Bank of America, 218 Cal App 3d 914 (1990) ("Negligence, even if gross or reckless, cannot justify punitive damages ") But punitive damages are available in negligence actions, as the California Court of Appeals made clear in Nolin v. National Convenience Stores, Inc., 95 Cal App 3d 279 (1979)

> It has long been the rule that conduct classified only as unintentional carelessness, while it may constitute negligence or even gross negligence, will not support an award of punitive damages. But the Donnelly court is careful to point out that a nonintentional tort can have the characteristics of an intentional tort to the extent of embracing the concept of malice as used in Civil Code section 3294
> Id. at 285 (*citing* Donnelly v. Southern Pacific Co., 18 Cal 2d 863, 869 (1941))

Plaintiff has alleged malice, it would be inappropriate for the court, at the pleading stage, to strike Plaintiff's allegations of punitive damages without giving Plaintiff an opportunity to prove them

provided no ground for striking the words "Seventh" and "Ninth" on page 35, line 11 of the Complaint

3 The prayer for attorney's fees

A motion to strike may be used to strike the prayer for relief where the damages are not recoverable as a matter of law Bureerong, 922 F Supp at 1479 n 34 In its prayer for relief, Plaintiff lists attorney's fees as a possible form of relief Defendant is correct in its contention that such relief is available only as provided by contract or statute See Cal Civ Proc § 1021, Pacific Custom Pools, Inc. v. Turner Constr. Co., 79 Cal App 4th 1254, 1267 (2000) As no facts are stated in the Complaint supporting a contractual or statutory entitlement to attorney's fees, the court will order stricken the phrase "attorney's fees and" from p 37, line 3 of the Complaint

## III.
## DISPOSITION

ACCORDINGLY IT IS ORDERED THAT

(1) Defendant's motion to dismiss made pursuant to Rule 12(b)(6) is DENIED,

(2) Defendant's motion to strike pursuant made to Rule 12(f) is DENIED except it is GRANTED as to the phrase "attorney's fees and" on p 37, line 3 of the complaint; and

(3) Defendant is ordered to answer Plaintiff's complaint within 23 days of the date of this order