**THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

Page 1 of 15 Pages

Case No ED CV 00-641 RT (AJWx)     Date December 11, 2000

Title   ISD Corp. V. Cognizant Technology Solutions US Corp.

================================================================

ENTERED
DEC 1 2000
CLERK, U S DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
BY

PRESENT

THE HONORABLE ROBERT J TIMLIN, JUDGE

| Lenora Pulliam | None |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS     ATTORNEYS PRESENT FOR DEFENDANTS

NONE                                 NONE

PROCEEDINGS    ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY
               INJUNCTION PURSUANT TO FED R CIV P 65

The court, the Honorable Robert J Timlin, has read and considered plaintiff, ISD Corporation ("Plaintiff")'s motion (the "Motion") for a preliminary injunction pursuant to Fed R Civ P 65, defendant Cognizant Technology Solutions US Corp ("Defendant")'s opposition ("Defendant Opp") and Plaintiff's reply ("Plaintiff Reply") Based on such consideration, the court concludes as follows

///

///

///

✓ Docketed
✓ Copies / NTC Sent
___ JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD



ENTER ON ICMS

DEC 1

# I.
# BACKGROUND[1]

Plaintiff is in the business of creating, developing, marketing, selling, installing, maintaining and supporting case management systems and filing software and other computer related products and systems for state courts throughout California

In providing this support to the courts, Plaintiff utilized a piece of software, which it has titled the ICMS module (the "ICMS") Plaintiff concluded sometime in 1999, that in order to remain competitive, it needed to upgrade the ICMS software to allow for "web enabling" (the "E-ICMS") and "electronic filing of court papers" (the "E-Filing System")

Plaintiff sought assistance of a third party in order to complete the design and development of the upgrades After looking at a number of companies, Plaintiff chose Defendant to perform this work because Defendant assured Plaintiff that it could perform the desired work

---

[1] The following background is taken from the declarations of Ron Beach, CTO of Plaintiff, Stephen Alderman, CFO of Plaintiff, Hon John W Kennedy (Ret ), marketing consultant of Plaintiff, Peiro C Dallarda, attorney for Plaintiff, Francisco D'Souza, Senior Vice President of Defendant, Madhu Kumar Seshadri, a Senior Associate of Defendant, Barbara J Van Winkle, former Director of Product Development of Plaintiff, Deepak Vashist, Business Development Manager of Defendant, Vasu Rangachary, a Senior Manager of Defendant, the exhibits submitted by Plaintiff, and the exhibits submitted by Defendant

The court notes that because of the urgency inherent in preliminary injunctions, declarations and evidence supporting the application need not conform to the standards for a summary judgment motion or to the Federal Rules of Evidence See Flynt Distributing Co., Inc. v. Harvery, 734 F 2d 1389, 1394 (9th Cir 1984), Bracco v. Lackner, 462 F Supp 436, 442 n 3 (N D Cal. 1978) It is up to the trial court to determine the weight to be given such evidence, taking into consideration the declarant's competency, personal knowledge and credibility See Oakland Tribune, Inc. v. Chronicle Publishing Co., Inc., 762 F 2d 1374, 1376 (9th Cir 1985) (citing Bracco, 462 F Supp at 442 n 3) Accordingly, the court will not rule on Plaintiff's 47 or Defendant's 15 evidentiary objections at this time, but will consider such objections in evaluating the probative value of the evidence submitted.

at a cost of 70% less than others

In October 1999, Plaintiff and Defendant reached an agreement whereby Defendant committed to performing a number of tasks (including the upgrade of the ICMS and to add the E-ICMS and the E-Filing System) This initial agreement was memorialized in a letter of intent

Plaintiff states that it subsequently reached an oral agreement with Defendant, whereby Defendant agreed to complete, by August 2000, the E-File System for a fixed price of $250,000 and the E-ICMS for a fixed price of $560,000 Plaintiff also asserts that as part of this oral agreement, Defendant agreed to vest the intellectual property rights to the E-ICMS and the E-File System in Plaintiff Defendant states that Plaintiff's statement of the the content of this oral agreement is incorrect More specifically, it asserts that with one exception (the offshore components of the separate E-File project), all agreements were structured based on "time and materials" pricing and that it had no intention of giving Plaintiff the intellectual property rights to either the E-ICMS or the E-File System

Between the time that work began and mid-March 2000, Defendant performed work and submitted to Plaintiff invoices which were calculated on a "time and materials basis " These invoices were paid by Plaintiff

At a mid-March 2000 meeting with Defendant, Defendant informed Plaintiff that the cost of work had increased to $1,056,000 (it appears this figure represents work on more than the E-ICMS and E-Filing System) At this meeting, Plaintiff agreed to pay Defendant the $1,056,000

Plaintiff claims that in June 2000, Defendant demanded that Plaintiff immediately pay approximately one million dollars for work that Defendant claimed to have performed and refused to perform any additional work until payment was received Plaintiff states that it agreed

to pay Defendant $200,000 immediately on the condition that Defendant provide it with the work product completed so far Plaintiff asserts that it wired the $200,000 to Defendant and Defendant cashed it But Defendant did not provide it with the work product and stopped work on all the projects covered by the agreements

Plaintiff provides undisputed evidence that without the E-ICMS and the E-Filing System it will be unable to bid on new county and state government projects and in all likelihood will lose its current clients to competitors who have begun to develop similar services

Plaintiff has currently paid Defendant $469,000 but has received neither the E-File System nor the E-ICMS Defendant currently possesses a copy of Plaintiff's ICMS source code (it was necessary for Plaintiff to provide Defendant a copy of the ICMS source code for the work on the E-ICMS and E-File System to be completed)

Plaintiff's motion seeks a preliminary mandatory injunction ordering, within 48 hours of the date of the hearing

> (1) Defendant to turn over to Plaintiff, in electronic and hard copy formats, all copies, versions, and/or subversions of the ICMS source code, and all executable copies of the ICMS module, with associated documentation, the E-ICMS module, all source code, related documentation, associated work product, and data base definitions, including ERWIN diagrams, the E-File Module, all source code, related documentation, associated work product, and data base definitions, including ERWIN diagrams,
>
> (2) Defendant to promptly destroy all but one copy of the information described above, upon compliance with the terms of paragraph 1 above,

(3) Defendant, its employees, agents, representatives, contractors and subcontractors, to not alter, disclose, distribute, or otherwise permit any person or entity access to the information described in paragraph 1 above, and to take all reasonable precautions to prevent disclosure of such information to unauthorized persons or entities;

(4) Defendant, its employees, agents, representatives, contractors and subcontractors, to not sell, license or otherwise exploit any products or services which embody, in whole or in part, the information described in paragraph 1 above

## II.
## ANALYSIS

The court has inherent authority to grant preliminary injunctive relief in the exercise of its equitable powers See In re Estate of Ferdinand Marcos, Human Rights Litig., 25 F 3d 1467, 1476 (9th Cir 1994) "To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor " Diamontiney v. Borg, 918 F 2d 793, 795 (9th Cir 1990) These are not two distinct tests Rather, they represent a "continuum of equitable discretion whereby the greater the relative hardship to the moving party, the less probability of success must be shown." Regents of Univ. of Calif. v. ABC, Inc., 747 F 2d 511, 515 (9th Cir 1984)

However, in any situation, the Court must find that there is at least a fair chance of success on the merits, see Johnson v. California State Bd. of Accountancy, 72 F 3d 1427, 1430

5

(9th Cir 1995), and that there is some threat of an immediate irreparable injury See Big Country Foods, Inc., v. Board of Ed. of the Anchorage Sch. Dist., 868 F 2d 1085, 1088 (9th Cir 1989)

The primary purpose of a preliminary injunction is preservation of the status quo See Chalk v. United States Dist. Ct. Cent. Dist. of Calif., 840 F 2d 701, 704 (9th Cir 1988) Plaintiff, however, seeks a mandatory order, i e an order requiring Defendant to turn over the requested items and to not engage in certain activity, rather than a prohibitory one Although both types of orders are governed by the same criteria, mandatory orders, because they alter the status quo, require a stronger showing See Dahl v. HEM Pharmaceuticals Corp., 7 F 3d 1399, 1403 (9th Cir 1993) ("[Mandatory relief] is subject to a higher scrutiny and should not be issued unless the facts and law clearly favor the moving party ") Furthermore, the mandatory orders requested here would, to some extent, provide the ultimate relief sought in the action. Accordingly, Plaintiff must make a particularly strong showing that the facts and law clearly favor it See Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F 2d 464, 476 (5th Cir 1985) (reversing the district court's grant of a preliminary injunction and reasoning that "[b]y its action, the court failed to maintain the status quo and in effect, granted Enterprise International all of the relief it might have had on the merits "), Triebwasser & Katz v. AT & T, 535 F 2d 1356, 1360 (2d Cir 1976) (reversing the district court's grant of a preliminary injunction and reasoning in part[2] that "[t]he injunction granted below would in effect give the

---

[2]This was not the only reason given to support the reversal The court also premised its holding on the facts that "the district court has not found that there has been a showing of probable success on the merits" and "the preliminary injunction would give [the plaintiff] an advantage not presently accorded to its competition " AT & T, 535 F 2d at 1360

6

plaintiffs substantially the ultimate relief they seek before there has been any trial of the issues ")

## A. Likelihood of Success on the Merits

Plaintiff offers three theories, under which it contends it would be entitled to injunctive relief, if successful on certain claims (1) conversion, (2) claim and delivery, and (3) unfair business practices

### 1. Conversion

Plaintiff contends that two types of items were converted (a) the ICMS source code, (b) the E-ICMS, and the E-Filing System

> "Conversion is the wrongful exercise of dominion over the property of another The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property, (2) the defendant's conversion by a wrongful act or disposition of property rights, and (3) damages Conversion is a strict liability tort The foundation of the action rests neither in the knowledge nor the intent of the defendant Instead, the tort consists in the breach of an absolute duty, the act of conversion itself is tortious Therefore, questions of the defendant's good faith, lack of knowledge, and motive are ordinarily immaterial."
> Burlesci v. Petersen, 68 Cal App. 4th 1062, 1066 (1998)

With respect to copyrighted material, conversion entails the wrongful possession of the **tangible** embodiment of a work See Gladstone v. Hillel, 203 Cal App 3d 977, 987 (1988) (citation omitted)

#### (a) The ICMS Source Code

Defendant does not dispute Plaintiff's ownership or right to possession of the original ICMS source code See Defendant Opp at 1 Defendant, however, contends that Plaintiff cannot establish the second element of conversion because Plaintiff willingly gave Defendant a copy of the source code and Defendant has been willing to provide Plaintiff a copy upon request

7

The court concludes that Plaintiff has demonstrated a likelihood of success on the merits on the conversion claim respecting the ICMS source code. The fact that Plaintiff initially gave a copy of the source code to Defendant does not preclude Plaintiff from proving the tort of conversion. The case cited by Defendant clearly makes this clear. See Burlesci, 68 Cal. App. 4th 1066, 1067-68 (holding that conversion claim should have gone to jury where Plaintiff voluntarily entrusted property to Defendant who refused to return it, claiming a security interest). Defendant does not provide any authority for their contrary contention and do not explain why, when the copy of the ICMS source code was entrusted to it solely for the purpose of completing various projects for Plaintiff, they continued to have the right to possess it after their contractual relationship with Plaintiff to do such work was terminated.

(b) The E-Filing System and the E-ICMS

Unlike the ICMS source code, the E-Filing System and the E-ICMS are creations of Defendant. Defendant contends that Plaintiff will be unable to establish either a possessory or ownership interest in these two items at trial. The court agrees that Plaintiff has failed to demonstrate that there is such a probability.

Plaintiff advances two theories on ownership. With respect to the first (which it terms "a pure contract theory"), the court had difficulty evaluating it as Plaintiff failed to explain the theory or provide any authority supporting it. Conversion requires an actual right of possession or ownership at the time of conversion. See Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th 445, 451 (1997). Even assuming that Plaintiff would have had an actual ownership interest upon complete performance of the contract, this does not mean that from the moment the contract was signed Plaintiff had an ownership or possessory interest in property not yet in existence but

8

which was to be created pursuant to the contract

Plaintiff's second theory is based upon copyright law, but is similarly difficult to understand and unsupported by authority Plaintiff contends that the E-ICMS and the E-Filing System are derivative of its copyrighted ICMS, i e a "derivative work" for the purposes of copyright law [3] Plaintiff then contends that because the E-ICMS and the E-Filing System are derivative works, Plaintiff owns the exclusive right to the copyrights in them [4]

Plaintiff's contention, however, appears to be based on a theory not supported by fact or law Plaintiff cites Cortner v. Israel, 732 F 2d 267, 271 (2d Cir 1984) for the proposition that the copyright of a derivative work is forfeited where use of the underlying work is unauthorized It is undisputed, however, that Plaintiff did authorize Defendant to use the ICMS to create the E-ICMS and the E-File System  And even if the court were to conclude that Defendant had forfeited the copyright by its unauthorized use of ICMS, that would not mean that Plaintiff owned a copyright in the new material contained in the derivative work. Cf. Anderson v. Stallone, 1989 WL 206431 (C D Cal ) ("no part of an infringing derivative work should be granted copyright protection ")

Assuming arguendo, that the court were to conclude that Plaintiff owns exclusive copyrights in the E-ICMS and the E-Filing System, this would mean only that Defendant would

---

[3] Defendant contends that Plaintiff relies on a "works for hire" theory in support of its claim of ownership  See Defendant Opp at 10  Plaintiff, however, eschews such a theory in its reply papers  See Plaintiff Reply  Accordingly, the court will not address it

[4] Cf Dynamic Solutions, Inc. v Planning & Control, Inc., 646 F Supp 1329, 1340 (S D N Y 1986) ("The author of a derivative work is entitled to copyright protection for the material that author contributes ")

infringe that copyright by making unauthorized copies of the E-ICMS and the E-Filing System But Plaintiff has not explained, or offered any authority, which supports its implicit proposition that it has a right of ownership or possession to the tangible copies currently possessed by Defendants (thereby satisfying the first element of conversion) merely because it owns the copyrights [5]

For the foregoing reasons, the court concludes that Plaintiff has failed to meet its burden of demonstrating a colorable likelihood of success on the merits of its conversion claim respecting either the E-ICMS or the E-Filing System

2. Claim and Delivery

Plaintiffs second "theory of recovery" is claim and delivery [6] The parties agree that to be

---

[5] The court notes that to the extent that Plaintiff is contending that Defendant converted its ideas for the E-ICMS and E-Filing Systems, that claim would clearly be preempted by copyright law See Melville B Nimmer and David Nimmer, Nimmer on Copyright § 1 01[B][1][i] ("It is generally held that an action for conversion will lie only for wrongful possession of the tangible embodiment of a work (for instance a manuscript), whereas a copyright action must be brought for wrongful use of the intangible artistic property ") (citing United States v. Drebin, 557 F 2d 1316 (9th Cir 1977))

[6] Technically claim and delivery is not a theory of recovery at all, rather it is a prejudgment procedural remedy like attachment. In re Bozzo, 693 F 2d 90, 91 (9th Cir. 1982), Waffer Int'l Corp. v. Khorsandi, 69 Cal App 4th 1261, 1271 (1999) ("Claim and delivery is a remedy by which a party with a superior right to a specific item of personal property (created, most commonly, by a contractual lien) may recover possession of that specific property before judgment "), 5 B E Witkin, California Procedure § 651 ("Courts and law writers have sometimes inadvertently spoken of the code action for claim and delivery as if there were really here a form of action called by that name These sections merely give to a plaintiff suing to recover personal property an auxiliary remedy very similar to the auxiliary remedy of attachment But it is no more proper to speak of an action of claim and delivery than to speak of an action of attachment ") (citations omitted) These authorities cause the court to doubt whether a "cause of action" for claim and delivery can support a preliminary injunction in federal court But because the analysis of plaintiff's claim and delivery "claim" is identical to that of its conversion claim and does not change the resolution of the motion, the court will addresses it briefly.

10

entitled to the remedy of claim and delivery, plaintiff must establish the probable validity of the claim to possession of the property. The court already addressed the validity of Plaintiff's claims to possession of the ICMS source code, the E-ICMS and the E-Filing System. As discussed above, Plaintiff has shown reasonable likelihood of success on its claim for return of the copy of the the ICMS source code possessed by Defendant, but not so as to its claim for possession of either the E-ICMS or the E-Filing System.

### 3. Unfair Business Practice

Plaintiff contends that two "practices" of Defendant constitute unfair business practices for the purposes of California's Unfair Business Act [Bus. & Prof. Code § 17200] ("Section 17200"): (a) Defendant's alleged acts of conversion and (b) "holding the work-product for ransom while it attempts to extort more money out of [Plaintiff] than is owed pursuant to the contract, knowing that [Plaintiff] needs these products in order to meet its contractual obligations to third parties and prospective customers." The Motion at 24.

#### (a) Conversion

As discussed above, Plaintiff has made a sufficient showing of likelihood of success respecting conversion of the ICMS source code but not the E-ICMS or E-File System.

#### (b) Extortion

"The term unfair competition receives a broad definition. [S]ection 17200 is not confined to anticompetitive business practice but is equally directed toward the right of the public to protection from fraud and deceit. Furthermore, the section 17200 proscription of unfair competition is not restricted to deceptive or fraudulent conduct but extends to any unlawful business practice. The Legislature apparently intended to permit courts to enjoin ongoing

11

wrongful business conduct in whatever context such activity might occur." <u>Comm. On Children's Television, Inc. v. Gen. Foods Corp.</u>, 35, Cal 3d 197, 209-10 (1983) Whether any particular conduct can be characterized as an unfair business practice violative of Section 17200 is a question of fact dependent upon the circumstances of each case See <u>Films of Distinction, Inc. v. Allegro Film Prod, Inc.</u>, 12 F Supp 2d 1068, 1048 (C D Cal 1998)

Plaintiff's contention that Defendant's alleged act of extorting money from it constitutes an unfair business practice is problematic for two reasons

First, Plaintiff appears to rest its contention that Defendant's alleged behavior constitutes unfair competition on the assumption that at the time of Defendant's alleged breach of its agreement with Plaintiff, Plaintiff had some legal right to the E-ICMS and the E-Filing System As the court stated above, Plaintiff has not shown that there is a reasonable likelihood that Plaintiff will prevail on that theory

Second, to determine whether Plaintiff has shown a reasonable likelihood of success on the merits as to Defendant's alleged conduct constituting an unfair business practice based on extortion, the court first would have to resolve based on the evidence presented in support of, and in opposition to this motion, a seriously disputed fact central to this case, namely whether the agreement between the Plaintiff and Defendant is "fixed price" or "time and materials." If the court were to determine that the agreement is fixed price, then perhaps Plaintiff could prove that Defendant was attempting to take advantage of a vulnerable party But if it is determined that the agreement between the parties is time and materials, Plaintiff would not succeed on its unfair business practice claim as it has offered no evidence that Defendant's invoices were unreasonably high, and thereby an effort to obtain an unreasonable sum from Plaintiff See

Charette v. Town of Oyster Bay, 159 F 3d 749, 755 (2d Cir 1998) ("[A motion for preliminary injunction] should not be resolved on the basis of affidavits which evince disputed issues of fact A party may, of course, waive its right to an evidentiary hearing, but it is not entitled to have the court accept its untested representations as true if they are disputed ") (citations omitted), Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson, 799 F 2d 547, 551 (9th Cir 1986) ("In deciding a motion for a preliminary injunction, the district court is not bound to decide doubtful and difficult questions of law or disputed questions of fact ") The court declines to decide this basic issue at this stage of the action Based on the foregoing discussion the court concludes that plaintiff has not made a sufficient showing of a reasonable likelihood of success on the merits of its unfair business practices claim

## B. Immediate Irreparable Harm

Plaintiff contends that it will suffer immediate irreparable harm if (1) Defendant does not turn over to ISD, in electronic and hard copy formats all copies, versions and/or subversions of the ICMS source code, the E-ICMS, and the E-File System, (2) Defendant does not destroy all but one copy of the ICMS source code, the ICMS and the E-File System, and (3) Defendant and its agents are not ordered not to use, alter, disclose, distribute, sell, license or otherwise exploit the ICMS source code, the E-ICMS and the E-File System

### 1. Material Sought in Provision (1) of Plaintiff's Motion

As discussed above, with respect to the ICMS source code, Plaintiffs have made a sufficient showing of likelihood of success on the claim underlying this request. But, Plaintiff's evidence does not indicate what harm will occur to it if Defendant does not immediately turn over the ICMS source code (the court was also unable to find any discussion in Plaintiff's briefs

13

on this issue) In addition, Defendant offers evidence, undisputed by Plaintiff, that Defendant was given only a copy of the ICMS source code, i e that Plaintiff still has the original source code. Plaintiff has therefore failed to meet the minimum threshold of immediate irreparable harm necessary for entitlement to preliminary injunctive relief See Big Country Foods, 868 F 2d at 1088 ("[T]he moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury ")

With respect to the E-ICMS and the E-Filing System, the court concludes that Plaintiff has introduced significant probative evidence of the likelihood of irreparable harm that will occur to it if these items are not turned over But, as discussed above, Plaintiff has failed to demonstrate any likelihood of success on the merits of its claims underlying this request. See Johnson, 72 F 3d at 1430 ("[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits ") Accordingly the court will deny the motion for a preliminary mandatory injunction, ordering Defendant to turn over to Plaintiff all the material sought in provision (1) of Plaintiff's motion

### 2. Destruction of the Material Stated in Provision (2) of Plaintiff's Motion

As noted above, Plaintiff has offered evidence of the harm it will suffer unless provided with copies of the E-ICMS and E-Filing System, but has offered no other evidence of potential harm it will suffer if the relief sought in provision (2) of this motion is Denied. Plaintiff has also failed to identify a legal theory, pursuant to which, it would be entitled to this relief Thus, the court will deny the motion for a preliminary mandatory injunction ordering Defendant to destroy the material identified in provision (2) of the motion

### 3. Ordering Defendant Not to Engage in Conduct Cited in Provisions (3) & (4) of the Motion

For the same reasons noted in Section II(B)(2) above, it is clear that Plaintiff is not entitled to the mandatory injunctive relief sought in provisions three and four of the motion. It has offered no evidence of the harm it will suffer if this relief is denied and it has failed to identify a legal theory under which it would be entitled to such relief.

## III.
## DISPOSITION

ACCORDINGLY IT IS ORDERED THAT plaintiff, ISD Corp's motion for preliminary injunction is DENIED.

///

///

///

///

///

///

///

///

///

///

///

///