UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

Page 1 of 5 Pages

Case No  ED CV 00-641 RT (AJWx)          Date.  February 26, 2001

Title.   ISD Corp. V. Cognizant Technology Solutions US Corp.

PRESENT

THE HONORABLE ROBERT J. TIMLIN, JUDGE

   Lenora Pulliam                          None
   Courtroom Clerk                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS    ATTORNEYS PRESENT FOR DEFENDANTS

        NONE                                  NONE

PROCEEDINGS    ORDER DENYING IN PART AND GRANTING IN PART
               PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S
               ANSWER PURSUANT TO FED R CIV P 12(f).

The court, the Honorable Robert J Timlin, has read and considered plaintiff, ISD Corporation ("Plaintiff")'s motion to strike pursuant to Fed R Civ P 12(f) ("Rule 12(f)") and defendant Cognizant Technology Solutions US Corp ("Defendant")'s opposition. No reply was filed  Based on such consideration, the court concludes as follows



ENTER ON ICMS

FEB 27 2001

# I.
# BACKGROUND[1]

This diversity action arises from a commercial transaction between Plaintiff and Defendant. The parties reached an agreement, the terms of which are in dispute, whereby Defendant promised to, among other things, develop two pieces of computer software for Plaintiff

# II.
# ANALYSIS

Plaintiff seeks to have stricken from Defendant's answer (the "Answer") two classes of items (A) paragraph 18 on page 18, Defendant's seventeenth affirmative defense entitled "Statute of Frauds" and (B) the phrase "attorneys' fees" appearing on page 18, line 25 and page 31, line 17.

Rule 12(f) provides "[u]pon motion made by a party the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter " However, a motion to strike a defense should only be granted when the defense is insufficient as a matter of law and can have no bearing on the subject matter of the litigation See IPPV Enterprises v. Cable/Home Communications, 25 U.S.P.Q 2d 1894 (S D Cal 1994). In addition, "to strike an affirmative defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." SEC v. Sands, 902 F Supp 1149, 1165

---

[1] As with motions to dismiss pursuant to Fed R Civ P. 12(b)(6), the grounds for a motion to strike must appear on the face of the pleading under attack and the court must view the pleading in the light most favorable to the pleader See William W Schwarzer, et al , Federal Civil Procedure Before Trial § 9 403-406, Bank Tejarat v. Varsho-Saz, 723 F Supp 516, 517 (C.D.Cal 1989)

(C.D Cal 1995) Finally, a motion to strike is generally regarded with disfavor because it is often used as a delaying tactic and because of the limited importance of pleadings in federal practice. See Bureerong v. Uvawas, 922 F Supp 1450, 1478 (C D Cal 1996)

## A. Statute of Frauds

Plaintiff contends that the statute of frauds defense is unavailable on the alleged facts in the complaint, and therefore seeks to have the statute of frauds affirmative defense stricken from Defendant's answer

### 1. Applicability of the Statute of Frauds

Plaintiff contends that its agreement with Defendant is not one of the types of agreements enumerated in California's statute of frauds [Cal Civ Code § 1624]. Defendant does not dispute this point, but contends that the agreement is one which provides for the sale of "goods" valued at more than $500, and as such is governed by Cal Commercial Code § 2201 ("Section 2201")[2] Further, Defendant cites cases in support of its position that contracts that provide for creation of custom software constitute contracts for the sale of goods for the purposes of Section 2201 As Plaintiff failed to file a reply, Defendant's contention is unrebutted The court reminds the parties that Rule 12(f) is not a vehicle for adjudicating disputed questions of fact or law. Without reaching the question whether Section 2201 applies on the pleadings, the court concludes that it is not clear on the face of the pleadings that it does not apply

---

[2]Section 2201 provides "except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for the sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker"

3

2. Part Performance

Plaintiff contends that "even if the Statute of Fraud[s] were applicable, which [it] is not, [Defendant] has acknowledged and alleged partial performance under the contract."[3] Defendant acknowledges that Section 2201(3)(c) excepts from the statute of frauds those "goods for which payment has been made and accepted or which have been received and accepted," but contends that the contract as described by Plaintiff was not partially performed because it did not exist. Defendant further asserts that it received payments from Plaintiff, but that these payments were made in response to the "time and materials invoices" it sent.

Plaintiff does not address the Section 2201(3)(c) exception to the statute of frauds at all, and it is not clear from the large portion of Defendant's answer cited by Plaintiff [Defendant's Answer and Counterclaim at ¶¶ 27-40] "that under no set of circumstances could the defense succeed." Cf. Byrne v. Laura, 52 Cal. App. 4th 1054, 1071-72 (1997) (stating that "[w]hen a plaintiff seeks to avoid a statute of frauds on the ground of part performance, it has sometimes been said that the performance must be 'unequivocally referable' to the agreement to be enforced.")[4], Sutton v. Warner, 12 Cal. App. 4th 415, 422 (1993) ("Payment of the purchase price alone, without the buyer obtaining possession or making substantial improvements to the property, is not sufficient part performance to preclude application of the statute of frauds. The part performance by the buyer must clearly relate to, and must be pursuant to, the terms of the oral agreement."), Allied Grape Growers v. Bronco Wine Co., 203 Cal. App. 3d 432, 440 (1988)

---

[3]The court questions whether this contention may be considered on a Rule 12(f) motion as it does not appear to question the "sufficiency" of the defense. Nevertheless, the court will address it.

[4]The court did note that "this requirement has not been consistently applied." Id. at 1072. Nevertheless there must be a clear connection between the alleged contract and the performance

4

(concluding that with respect to contracts governed by the commercial code, the proposition "that partial performance takes an oral contract outside the statute of frauds is not supported by any California case authority ")

## B. Attorneys' Fees

Plaintiff contends that Defendant's references to attorneys' fees on page 18, line 25 and page 31, line 17 of the Answer should be stricken because the Answer does not state a theory entitling Defendant to attorneys' fees  Defendant consents to the court striking the two references to attorneys' fees identified above

## III.
## DISPOSITION

ACCORDINGLY IT IS ORDERED THAT.

(1) Defendant's motion to strike pursuant made to Rule 12(f) is DENIED as to paragraph 18 on page 18 of the Answer and is GRANTED as to the phrase "attorney's fees" as described above

(2) Plaintiff/counter-defendant is ordered to answer Defendant's counterclaim within 20 days of the date of this order

